United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| Sunrise Technologies, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 15-11545-NMG |
| Cimcon Lighting, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Sunrise Technologies, Inc. ("plaintiff") alleges defendant Cimcom Lighting, Inc. ("defendant") is liable for direct, contributory, induced and willful infringement of one of its patents for a mesh network of wirelessly linked communication nodes mounted on utility poles.

Defendant has filed this motion to dismiss asserting that plaintiff has not stated claims for any kind of infringement. For the following reasons, defendant's motion to dismiss will be denied, in part, and allowed, in part.

I. **Factual and Procedural Background**

Plaintiff is the assignee of United States Patent No. 7,825,793 ("'793 patent"), which was filed in May, 2007, and issued in November, 2010.

The '793 patent, entitled "Remote Monitoring and Control System," is an invention that allows people to monitor and control from afar household and building parameters such as home security settings, fire alarm systems, air conditioning and water heating.  The patent is directed toward a communication system that relays information between an end user device and a remote end user via a node mounted on a utility pole, such as a telephone pole.

In April, 2015, plaintiff filed this action for patent infringement.  After this Court allowed several extensions of time to file a responsive pleading, defendant moved to dismiss the complaint in March, 2016.  Plaintiff subsequently filed an amended complaint alleging patent infringement under theories of direct, contributory, induced and willful infringement. Defendant's dispositive motion followed.

## II.  Defendants' Motion to Dismiss

### A.  Legal Standard for a Motion to Dismiss

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if, after accepting as true all non-

conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). A court may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Id. Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

**B.   Application**

Plaintiff alleges one count of "infringement" in its complaint. Both plaintiff and defendant have, however, submitted memoranda presenting arguments with respect to four different kinds of infringement: direct, contributory, induced and willful. Accordingly, the Court will construe the amended complaint as alleging those four causes of action.

**1.   Direct Infringement**

**a.   Legal standard for direct infringement**

The parties first dispute whether pleading in conformity with Fed. R. Civ. P. Form 18 is sufficient to state a claim for direct infringement.

The Federal Circuit Court of Appeals has held that for claims of direct infringement, the pleading requirements of Form 18 are sufficient to survive a motion to dismiss. Lyda v. CBS Corp., Docket No. 2015-1923, 2016 WL 5539875, at *4 (Fed. Cir. Sept. 30, 2016).  But in 2015, Fed. R. Civ. P. 84 and the Appendix of Forms, which contained Form 18, were eliminated from the Federal Rules of Civil Procedure.  In adopting the amended rules, the United States Supreme Court ordered that the rule changes

> shall govern in all proceedings in civil cases thereafter commenced [after December 1, 2015] and, insofar as just and practicable, all proceedings then pending.

Id. at *4 n.2 (alteration in original) (quoting Supreme Court of the United States, Order Regarding Amendments to the Federal Rules of Civil Procedure (U.S. Apr. 29, 2015), https://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf).

District courts have since been at odds as to whether the requirements of Form 18 still apply in claims of direct

infringement. Compare Footbalance Sys. Inc. v. Zero Gravity Inside, Inc., Docket No. 15-CV-1058, 2016 WL 5786936, at *3 (S.D. Cal. Oct. 4, 2016) (applying the Twombly/Iqbal plausibility standard instead of Form 18 to plaintiff's second amended complaint which was filed after the new rules went into effect), with Hologram USA, Inc. v. Pulse Evolution Corp., Docket No. 14-cv-0772, 2016 WL 199417, at *2 n.1 (D. Nev. Jan. 15, 2016) (applying the Form 18 standard).

In the absence of authority from the Circuit Courts of Appeals, this Court finds instructive the reasoning of several district courts which have decided this issue, concluding that the pleading requirements of Form 18 no longer apply to direct infringement claims. See, e.g., Tannerite Sports, LLC v. Jerent Enters., LLC, Docket No. 15-cv-00180, 2016 WL 1737740, at *3-5 (D. Or. May 2, 2016).

Citing the Supreme Court's order, plaintiff contends that defendant has not shown that applying the Twombly/Iqbal standard would be "just and practicable" in this case.  The Court disagrees.  Plaintiff should have been aware that Form 18 was abolished when it filed its amended complaint in March, 2016, three months after the new rules went into effect and nearly one year after the Supreme Court first announced the rule changes.

Accordingly, the Court will apply the Twombly/Iqbal plausibility standard in determining whether plaintiff has sufficiently stated a claim for direct infringement to survive a motion to dismiss under Rule 12(b)(6). See id. at *5 (applying Twombly and Iqbal to defendant's amended counterclaims filed on December 25, 2015, in part, because "defendant knew (or should have known) about the imminent amendments to the Rules").

### b. Application

To succeed on a claim for direct infringement, the allegedly infringing product must practice all elements of a patent claim. Southwall Techs., Inc. v. Cardinal IG Co., 54 F.3d 1570, 1575 (Fed. Cir. 1995). Therefore, in applying Twombly and Iqbal after the elimination of Form 18, plaintiff must allege that defendant's product practices all the elements of at least one of the claims of the subject patent. TeleSign Corp. v. Twilio, Inc., Docket No. CV 16-2106, 2016 WL 4703873, at *3-4 (C.D. Cal. Aug. 3, 2016).

Defendant asserts that plaintiff's claim of direct infringement fails because its accused products do not have certain elements included in the claims of the '793 patent, such as a "street light pole" or an "end user." Plaintiff responds that it has sufficiently alleged facts to put defendant on notice of the claims against it.

Although defendant contends that plaintiff does not allege that defendant's product includes a "street light pole" or an "end user," plaintiff alleges exactly that. For example, in paragraph 12 of its amended complaint, plaintiff claims,

> Cimcon's street light pole-mounted wireless lighting controllers communicate with third party end user devices . . . to transmit information . . . to an end user.

Similarly, defendant maintains that plaintiff has not alleged that its accused products include a "watchdog function." In paragraph 12, however, plaintiff alleges that defendant's accused products

> have watchdog and reset functions such as "fault monitoring" and "ON/OFF Control," as well as photocell sensor control.

Because, for the purpose of the pending motion, the Court must construe plaintiff's allegations as true, it concludes that plaintiff has stated a claim for direct infringement. See Delavau, LLC v. Corbion NV, Docket No. 15-1183, 2016 WL 341076, at *3 (D.N.J. June 16, 2016) (accepting plaintiff's interpretation of the factual allegations and exhibits and denying defendant's motion to dismiss direct infringement claim). Thus, the Court will deny defendant's motion with respect to the claim of direct infringement.

### 2. Contributory Infringement

Defendant contends that plaintiff fails to state a claim for contributory infringement because it fails 1) to indicate which claims are infringed, 2) to allege facts that support direct infringement by a third party and 3) to allege facts that indicate the accused products have no substantial non-infringing uses and that the accused products are especially made or adapted for infringing uses.

With respect to defendant's first contention, plaintiff responds that it specifically identifies claims 1, 2, 4-8, 19, 20 and 22-26 of the '793 patent.  Although plaintiff's amended complaint is perhaps circuitous, it identifies those claims in paragraph 11 thereof.  Accordingly, the Court concludes that plaintiff has properly indicated which claims are allegedly subject to contributory infringement.

Next, the Court agrees with plaintiff that it has sufficiently alleged facts of infringement by a third party.  To support a claim for contributory infringement, plaintiff must plead enough facts "to allow an inference that at least one direct infringer exists." <u>In re Bill of Lading Transmission & Processing Sys. Patent Litig.</u>, 681 F.3d 1323, 1336 (Fed. Cir. 2012).  In its amended complaint, plaintiff avers that defendant markets its accused products by depicting a hypothetical customer using the products in a manner that infringes the '793

patent. Such allegations are sufficient to allow an inference that a direct infringer exists.

Finally, with respect to defendant's third argument, plaintiff responds that it restates the statutory requirements for contributory infringement in 35 U.S.C. § 271(c) "word-for-word." Recitation of the statute is not sufficient, however, to defeat a motion to dismiss. Plaintiff has not pled any facts that show that the accused products have no substantial non-infringing uses or that the accused products are especially made or adapted for infringing uses. See Addiction & Detoxification Inst. L.L.C. v. Carpenter, 620 Fed. App'x 934, 938 (Fed. Cir. 2015) (Simply to repeat the legal conclusion that a party has contributorily infringed does not plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (quoting Iqbal, 556 U.S. at 678)). Accordingly, the Court will dismiss the claim for contributory infringement.

### 3. Induced Infringement

Defendant claims that plaintiff has not stated a claim for induced infringement because plaintiff 1) does not indicate which claims are infringed and 2) does not plead facts explaining that defendant induced a third party.

Both parties agree that to state a claim for induced infringement, plaintiff must allege facts showing that defendant:

    (1)  knew of the patent;
    (2)  actively and knowingly aided and abetted another's direct infringement; and
    (3)  possessed specific intent.

Mass. Inst. of Tech. v. Shire, PLC, Docket No. 1:13-CV-10020, 2014 WL 404696, at *8 (Feb. 2, 2014) (emphasis omitted) (internal quotation marks omitted) (quoting DSU Med. Corp. v. JMS Co., 471 F.3d 1293, 1305 (Fed. Cir. 2006)).

As explained above, defendant's first argument is unavailing because plaintiff specifically identifies claims 1, 2, 4-8, 19, 20 and 22-26 in the '793 patent.

Plaintiff also has pled facts sufficient to support an inference that a third party was induced by defendant to infringe the '793 patent. Plaintiff alleges that defendant's marketing materials provide a description of the functionality of the accused products and the intended use of such products and thereby infringes the '793 patent. Such allegations are sufficient to support an inference that there is at least one direct infringer. See Carson Optical Inc. v. eBay, Inc., Docket No. 12-CV-3793, 2016 WL 4385998, at *4 (E.D.N.Y. Aug. 17, 2016) (concluding that "a list of allegedly infringing items available

-10-

for sale on defendant's website" is sufficient to establish the direct infringement element at the pleading stage).

Consequently, the Court will deny defendant's motion with respect to plaintiff's induced infringement claim.

### 4. Willful Infringement

Both parties concur that to state a claim for willful infringement, plaintiff must allege facts that show that 1) defendant knew about the patent and 2) knew of his alleged infringement. See Select Retrieval, LLC v. Bulbs.com Inc., Docket No. 12-10389, 2012 WL 6045942, at *6 (D. Mass. Dec. 4, 2012).

Defendant avers that plaintiff has not stated a claim for willful infringement because plaintiff has not sufficiently stated a claim for direct infringement. Plaintiff in response relies on its earlier arguments that it has stated a claim for direct infringement.

Because the Court concluded above that plaintiff has stated a claim for direct infringement, the Court concludes that plaintiff has stated a claim for willful infringement as well. The Court will therefore deny defendant's motion with respect to plaintiff's willful infringement claim.

**ORDER**

For the forgoing reasons, the motion of defendant Cimcom Lighting, Inc. to dismiss (Docket No. 20), is, with respect to the claims of direct infringement, induced infringement and willful infringement, **DENIED**, but is, with respect to the claim of contributory infringement, **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton\
Nathaniel M. Gorton\
United States District Judge

Dated November 23, 2016